O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LAWRENCE KALANTARI AND YVETTE KALANTARI, | ) ) ) | Case No. EDCV 14-02580-VAP (SPx) |
| Plaintiffs, | ) ) | **ORDER GRANTING SUMMARY JUDGMENT (DOC. NO. 18)** |
| v. | ) ) | **[Motion filed on June 19, 2015]** |
| UNITED STATES OF AMERICA, | ) ) ) | |
| Defendant. | ) ) | |
| _____ | ) | |

On June 19, 2015, Defendant United States of America filed a Motion for Summary Judgment against Plaintiffs Lawrence Kalantari and Yvette Kalantari ("Motion" or "Mot."). (Doc. No. 18.) After consideration of the papers filed in support of, and in opposition to, the Motion, as well as the arguments advanced at the Motion hearing, the Court GRANTS Defendant's motion for summary judgment.

# I. BACKGROUND

Plaintiffs filed their Complaint against Defendant United States of America on December 17, 2014. (Doc. No. 1.)  Plaintiffs seek a federal income tax refund of $644,243.28 for the year 1998. (Compl. ¶ 15.)  Plaintiff Kalantari was a partner in the Yucaipa Companies, a partnership audited for the 1998 tax year. (Id. ¶ 7.) The partnership entered into a settlement with the Internal Revenue Service ("IRS") in 2008. (Id.)  As the result of the settlement agreement Plaintiffs' 1998 income was adjusted. (Id. ¶ 9.)

On November 4, 2008, Mr. Kalantari paid the IRS $620,000 based on an estimate of his tax liability from the settlement agreement. (Id. ¶ 8.)  On July 14, 2010, the IRS made an assessment of $531,762 in additional taxes due for the year 1998.  The income tax deficiency assessment for the year 1998 is not in dispute. (Id. ¶ 9.)  In addition to the tax deficiency assessment, Plaintiffs were assessed a delinquency penalty and interest in the amounts of $79,764.40 and $564,478.88, respectively. (Id.)  On January 4, 2011, Plaintiffs filed Form 843, Claim for Refund and Request for Abatement. (Id. ¶ 11.)  The IRS denied the claim on the grounds that Plaintiffs did not file their 1998 income tax return on time. (Id. ¶ 12.)

1

**II. LEGAL STANDARD**

2      A court shall grant a motion for summary judgment

3  when there is no genuine dispute as to any material fact

4  and the moving party is entitled to judgment as a matter

5  of law.  Fed. R. Civ. P. 56(a); <u>Anderson v. Liberty</u>

6  <u>Lobby, Inc.</u>, 477 U.S. 242, 247-48 (1986).  The moving

7  party must show that "under the governing law, there can

8  be but one reasonable conclusion as to the verdict."

9  <u>Anderson</u>, 477 U.S. at 250.

10

11      Where the non-moving party has the burden at trial,

12  the moving party need not produce evidence negating or

13  disproving every essential element of the non-moving

14  party's case.  <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317,

15  325 (1986).  Instead, the moving party's burden is met by

16  pointing out that there is an absence of evidence

17  supporting the non-moving party's case.  <u>Id.</u>  The burden

18  then shifts to the non-moving party to show that there is

19  a genuine dispute of material fact that must be resolved

20  at trial.  Fed. R. Civ. P. 56(a); <u>Celotex</u>, 477 U.S. at

21  324; <u>Anderson</u>, 477 U.S. at 256.  The non-moving party

22  must make an affirmative showing on all matters placed in

23  issue by the motion as to which it has the burden of

24  proof at trial.  <u>Celotex</u>, 477 U.S. at 322; <u>Anderson</u>, 477

25  U.S. at 252.  <u>See also</u> William W. Schwarzer, A. Wallace

26  Tashima & James M. Wagstaffe, <u>Federal Civil Procedure</u>

27  <u>Before Trial</u> § 14:144.

28

A genuine issue of material fact will exist "if the evidence is such that a reasonable jury could return a verdict for the non-moving party."  Anderson, 477 U.S. at 248.  In ruling on a motion for summary judgment, a court construes the evidence in the light most favorable to the non-moving party.  Scott v. Harris, 550 U.S. 372, 378, 380 (2007); Barlow v. Ground, 943 F.2d 1132, 1135 (9th Cir. 1991); T.W. Elec. Serv. Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630-31 (9th Cir. 1987).

**III. FACTS**

**A.   Uncontroverted Facts**

Both parties cite facts that are not relevant to resolution of the Motion.  To the extent certain facts are not mentioned in this Order, the Court has not relied on them in reaching its decision.  The Court finds the following material facts are supported adequately by admissible evidence and are uncontroverted.  They are "admitted to exist without controversy" for the purposes of this Motion.  L.R. 56-3; see generally Fed. R. Civ. P. 56.

Plaintiffs Lawrence and Yvette Kalantari seek a tax refund for the year 1998 in the amount of $644,243.28 from Defendant United States of America. (Doc. No. 19, Statement of Uncontroverted Facts ("SUF") No. 1; Compl. ¶ 15.)  Plaintiff Lawrence Kalantari was a partner in a

4

partnership which was audited by the IRS for the tax year 1998. (SUF No. 3; Compl. ¶ 7.) The audit was resolved in 2008 when the partnership and its partners agreed to certain tax adjustments. (SUF No. 4; Compl. ¶ 7.) On November 4, 2008, Mr. Kalantari paid the IRS $620,000 based on an estimate of his tax liability from the settlement agreement resolving the audit. (SUF No. 5; Compl. ¶ 8.) On July 14, 2010, the IRS assessed Plaintiffs $531,762 in additional taxes due for the year 1998. In addition to the tax deficiency assessment, on July 14, 2010, Plaintiffs were also assessed a delinquency penalty and interest in the amounts of $79,764.40 and $564,478.88, respectively. (SUF No. 6; Compl. ¶¶ 8-9.)

**B.   Disputed Facts**

The parties here dispute whether: (1) Plaintiffs filed their 1998 federal income tax return timely; (2) settlement of the partnership audit included interest suspension and a waiver of assessment of penalties against Plaintiffs; and (3) Plaintiffs are entitled to interest suspension pursuant to 26 U.S.C. § 6404(g). (See Mot at 4.)

1

## IV. DISCUSSION

2      In a refund suit, the taxpayer must prove that he or
3  she is entitled to the refund amount.  See United States
4  v. Janis, 428 U.S. 433, 439-440 (1976) ("In a refund
5  suit, the taxpayer bears the burden of proving the amount
6  he is entitled to recover."); Wall v. United States, 133
7  F.3d 1188, 1191 (9th Cir. 1998) (In a conventional
8  refund action, "the taxpayer bears the burden of proving
9  the amount he is entitled to recover.").  Moreover,
10  "[w]hen reviewing the assessment of taxes and penalties,
11  '[t]he ruling of the Commissioner of Internal Revenue
12  enjoys a presumption of correctness and a taxpayer bears
13  the burden of proving it to be wrong.'"  Id.  Hence, to
14  get a refund, Plaintiffs must prove that they filed their
15  1998 income tax return on time.

16

17  **A.   Did Plaintiffs file their 1998 federal income tax**
18       **return on time?**
19      The filing of calendar year federal income tax
20  returns must be made before April 15th after the close of
21  the preceding calendar year.  26 U.S.C. § 6072(a).  By
22  filing Form 4868 ("Application for Automatic Extension of
23  Time to File U.S. Individual Income Tax Return"), on or
24  before the April 15 deadline, taxpayers may receive an
25  automatic four-month extension to file their return.  26
26  U.S.C. § 6081; Treas. Regs., 26 C.F.R. §§ 1.6081-4(a) and
27  (b)(1)-(4).  If taxpayers require an additional extension
28

6

of time to file, they may file Form 2688 ("Application
for Additional Extension of Time to File U.S. Individual
Income Tax Return"), which is not automatic, but
discretionary, and may be granted for "good cause."

Form 2688's instructions specifically advise
taxpayers that they must show good cause for requesting
an additional delay beyond the automatic extension and
that the additional extension request should be filed
early so that if denied, taxpayers can still file their
return on time. *Torres v. Comm'r*, T.C. Memo. 1998-230,
*1, fn.4, 1998 WL 341024 (U.S. Tax Court), at *2;
Bergersen v. Comm'r, T.C. Memo. 1995-424, *27, 1995 WL
510012 (U.S. Tax Court); Treas. Reg. Sec. 1.6081-
1(b)(ii).

Hence, to show that their 1998 return was filed
timely, Plaintiffs must prove: (1) they filed an
application for an additional extension with the IRS; (2)
they showed good cause why they could not file the return
by August 15, 1999; and (3) the IRS granted the
additional extension of time.

Here, Plaintiffs' 1998 federal income tax return was
due April 15, 1999, but they filed a timely application
for an automatic extension. (Exh. A to Compl., date "4-
15-1999"; "Extension of Time to File"; and "subsequent

payment [$]1,278,476.00".)  Plaintiffs' timely filing
extended the due date to August 15, 1999.  (Exh. A to
Compl., "Ext. Date 08-15-1999".)  To gain an additional
extension, Plaintiffs were required to file Form 2688 by
August 15, 1999 showing good cause.  The IRS official
record does not show that Plaintiffs filed Form 2688 for
an additional extension or that the IRS granted a
request.  (Mot. at 5.)

Plaintiffs contend they did file a timely Form 2688
and reasonably believed the IRS granted the additional
extension as it had done in the past.  (See generally,
Doc. No. 20-1, Declaration of Joseph Mannino ("Mannino
Decl."); Doc. No. 20-2, Declaration of Lawrence Kalantari
("Kalantari Decl.").)  To support this contention,
Plaintiffs point to the general business practices of
Joseph Mannino, Plaintiffs' CPA, who prepared their 1998
tax return and extension requests, and Lawrence
Kalantari.  (Mannino Decl. ¶ 9; Kalantari Decl. ¶ 4.)

It was Mr. Mannino's business practice to file all
tax returns and applicable extensions, including Form
2688, on behalf of clients like Plaintiffs.  (Mannino
Decl. ¶ 8-10.)  Moreover, Mr. Mannino recalls, and it is
his present belief that, Form 2688 was prepared timely
(Id. ¶ 12), and filed by his office or the sent to
Plaintiffs with filing instructions.  (Id. ¶ 11.)  Mr.

Kalantari would have immediately reviewed and completed
the filing according to Mr. Mannino's instructions.
(Kalantari Decl. ¶ 6.)

    Mr. Kalantari declares that it has been his practice,
for the past 20 years, to request an additional extension
(Kalantari Decl. ¶ 4), and recalls requesting an
additional extension for the tax year 1998 (Id. ¶ 5.)
Mr. Kalantari has a history of filing for extensions
timely and filing his returns timely.  (Id. ¶ 9.)

    Defendant argues that the IRS enjoys the presumption
of "administrative regularity" with respect to the
processing of payments and assessments.  (Pltf Supp. at 3
(Doc. No. 24).)  According to the doctrine of
"administrative regularity," courts presume that IRS
officials "discharge their duties" properly, in the
absence of clear evidence to the contrary.  See United
States v. Ahrens, 530 F.2d 781, 786-786 (8th Cir. 1976);
see also Donaldson v. United States, 264 F.2d 804, 807
(6th Cir. 1959), citing, United States v. Chemical
Foundation, Inc., 272 U.S. 1, 14-15 (1926).

    Plaintiffs concede that the IRS enjoys a presumption
of administrative regularity and try to rebut the
presumption by claiming "it is not unheard of that the
IRS may well lose, destroy or misfile a document."  (Deft

1    Supp. at 2 (Doc. No. 23).) Relying on <u>Lee Brick & Tile</u>
2    <u>Co. v. United States</u>, 132 F.R.D. 414 (M.D.N.C. 1990),
3    Plaintiffs argue that the IRS transcript indicating Form
4    2688 was not filed is insufficient evidence to support
5    the presumption, in light of Plaintiffs' evidence that
6    the claim was mailed.  (Deft Supp. at 3.)
7
8        These argument are unpersuasive for two reasons.
9    First, speculation that the IRS sometimes loses documents
10   is not enough to rebut the presumption because Plaintiffs
11   must show irregularity of administrative procedures.
12   <u>Chemical Foundation, Inc.</u>, 272 U.S. at 14-15, 47.
13   Second, when a non-moving party relies on its own
14   affidavits to oppose summary judgment, it cannot rely on
15   conclusory allegations unsupported by factual data to
16   create an issue of material fact.  <u>Hansen v. United</u>
17   <u>States</u>, 7 F.3d 137, 138 (9th Cir. 1993).  Plaintiffs have
18   not provided "factual data" that Form 2688 was mailed on
19   time.  Moreover, their supporting declarations do not
20   conclusively describe how they allegedly mailed the form.
21   Mr. Mannino, says it is his "general business practice"
22   to mail such forms or send them to Mr. Kalantari to mail.
23   (Mannino Decl. ¶ 8-10.)  Mr. Kalantari states it is his
24   "regular practice" to have his secretary mail extension
25   forms. (Kalantari Decl. ¶ 4.)  These statements alone are
26   insufficient to create a genuine issue of material fact.
27   <u>See Hansen</u>, 7 F.3d at 138.  Hence, Plaintiffs have not
28

provided affirmative evidence rebutting the presumption
that if they had filed Form 2688 on time, the form would
have been processed, and the filing would have been
reflected in the IRS official records.

Finally, even if Plaintiffs filed Form 2688 on time
they cannot show the application was granted. The "Notice
to Applicant" section of Form 2688 has five possible
responses to an application for an additional extension
of time.  (See Form 2688, Exh. C: grant, deny, return
Application, etc.)  Neither Mr. Mannino or Mr. Kalantari
tried to verify the application was received after not
getting one of the five possible responses to the
application.  Plaintiffs offer no evidence, other than
their stated belief, that their application was granted.
(Mannino Decl. ¶ 9; Kalantari Decl. ¶ 4.)

Accordingly, Plaintiffs cannot show that their
application for an additional extension of time was filed
on time or granted.  Since Plaintiffs did not file their
1998 tax return by August 15, 1999, it was late, and they
are not entailed to a refund.

**B.   Did the settlement of the partnership audit include interest suspension and a waiver of assessment of penalties against Plaintiffs?**

As part of the settlement with the IRS over their disputed tax liability for the year 1999, Plaintiffs allege that the IRS agreed they were entitled to interest suspension and that no penalties would be assessed. (Compl. ¶ 13(B).)  The settlement agreement (Form 870) states, "IRC Section 6651 failure to file penalty applies to any late filed (or non-filed) returns that are required to report the partnership items adjustments." (Exh. D to Mot. at 1.)  Moreover, in the "Schedule of Adjustments" to the settlement agreement, the "Remarks" section outlines four penalties.  (Id. at 5.)  Plaintiffs do not address this issue in their opposition. Accordingly, Plaintiffs concede this ground for recovery.

**C.   Are Plaintiffs entitled to interest suspension pursuant to 26 U.S.C. § 6404(g)?**

Interest on unpaid taxes is mandated by statute.  See 26 U.S.C. § 6601.  Section 6601 requires a negligent taxpayer to pay interest from the tax deadline until the outstanding amount is paid.  See Holland v. United States, 873 F.2d 1321, 1322 (9th Cir. 1989)  ("The tax code does not contemplate the interest free use of government funds.").  Here, Plaintiffs cannot demonstrate that interest on their unpaid 1998 tax obligation was

1  "suspended" by the settlement agreement because the
2  agreement does not waive or suspend interest.  (See Exh.
3  D to Mot.)
4
5      Plaintiffs further allege they are entitled to
6  interest suspension under 26 U.S.C. § 6404(g) because the
7  IRS failed to provide notice of delinquency.  (Compl. ¶
8  13(A).)  While § 6404(g) requires interest suspension if
9  the IRS does not provide notice to the taxpayer
10 identifying the particular amount due and the basis for
11 the liability, the suspension applies only to returns
12 filed timely.  Since Plaintiffs did not file their 1998
13 tax return timely, section 640(g) does not apply to them.
14
15     Accordingly, Plaintiffs are not entitled to interest
16 suspension for the 1998 tax year under the settlement
17 agreement or section 6404(g).
18
19                    **IV. CONCLUSION**
20     For the foregoing reasons, the Court GRANTS summary
21 judgment in favor of Defendant United States of America.
22
23     Dated: September 3, 2015
24                           VIRGINIA A. PHILLIPS
25                           United States District Judge
26
27
28

                              13